# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RANDOLPH S. FENNER,** | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:21-75 |
| v. | : | (JUDGE MANNION) |
| **LEHIGH VALLEY HEALTH NETWORK d/b/a Lehigh Valley Hospital – Pocono,** | : | |
| Defendant | : | |

## O R D E R

Presently before the court is a document titled "Objection" in the above noted case. (Doc. 17). In this removal case, Plaintiff's counsel "..objects to the Court holding a Joint Case Management Conference before the Court determines whether it has jurisdiction since it can be interpreted as waiver of Plaintiff's position that the court does not have original jurisdiction in this matter since there are no federal claims asserted." (Doc. 17, p.2). It is particularly noteworthy that Plaintiff's counsel has failed to file a motion and brief to remand.[1]

---

[1] Counsel refers the court to a criminal case where the Third Circuit noted the importance of stating an objection during trial as a method of preserving one's legal argument for appeal. Of course, the same can be said for a civil trial, however we are not even close to such a proceeding here.

The United States Code (i.e. 28 U.S.C. §1441 et. seq. and more particularly §1447(c)) sets forth the process for counsel to move to remand a case not properly removed by the defendant to federal court. The court may, of course, entertain such a motion related to subject matter jurisdiction at any time. In fact the court may do so *sua sponte* if it chooses. Here, no such motion and supporting brief have been filed by Plaintiff's counsel. If counsel believes the court lacks subject matter jurisdiction, a motion and supporting brief are the proper method to challenge such affirmative allegations by the removing party.

Plaintiff's counsel's apparent belief that, once a matter is removed from state court with a good faith allegation of this court's jurisdiction, that the court cannot proceed with a case management conference appears to be unsupported by any statute or case law. It is again noteworthy that she cites to none. It is generally the practice of the court to proceed with a Case Management Conferences as soon as reasonably practical after a case is opened or removed into this court, in accordance with Rule 16.

Once again, counsel is reminded that the proper method to request court action is to file a motion supported by appropriate briefing. Merely filing an pretrial objection, without legal argument supported by caselaw

and/or statute is insufficient. It is not the court's obligation to research for counsel.

The procedurally inappropriate "Objection" is stricken from the record without prejudice to filing an proper motion and brief, if necessary, to challenge subject matter jurisdiction.

*s/ Malachy E. Mannion*
MALACHY E. MANNION
United States District Judge

Dated: March 1, 2021
21-75-04